IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**Endrew F., a minor, by and through his parents and next friends, JOSEPH and JENNIFER F.,**

Plaintiffs,

v.

**DOUGLAS COUNTY SCHOOL DISTRICT RE 1,**

Defendant.

---

## COMPLAINT

---

Plaintiff, Endrew F., a minor, by and through his parents and next friends, Joseph and Jennifer F., through counsel Spies, Powers & Robinson, P.C., submit the following Complaint.

## I. PARTIES

1. Plaintiff, Endrew F., is a child with a disability as that term is defined in the Individuals With Disabilities Act (IDEA), 20 U.S.C. § 1401(3), and Colorado's Exceptional Children's Educational Act (ECEA), Colo. Rev. Stat. § 22-20-103(5)(a)(I). Joseph and Jennifer F. (Parents) are the natural parents of Endrew F. pursuant to 20 U.S.C. § 1401(23(A), and C.R.S. § 22-20-103(19.7)(a)(1). Endrew F. and Parents are permanent residents of Douglas County School District Re 1.

2. Defendant, Douglas County School District Re 1 ("School District"), is a school district organized under the laws of the State of Colorado, C.R.S. § 22-30-101 et. seq. and as defined by the ECEA at C.R.S. § 22-20-103(22). The School District is a "local educational agency"

("LEA") as that term is defined in 20 U.S.C. § 1401(19)(A).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this matter pursuant to 20 U.S.C. § 1415(i)(2)(A) and 20 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)

## III. GENERAL ALLEGATIONS

5. Under the IDEA, states must ensure that a free appropriate public education ("FAPE") is provided to students with disabilities. 20 U.S.C. § 1412(a)(1)(A).

6. A FAPE consists of special education and related services that meet the standards of the State educational agency[1] and are provided in conformance with an individualized education program ("IEP"). 20 U.S.C. § 1401(9).

7. An IEP is a written statement of the child's present levels of educational performance, including how the child's disability affects his involvement and progress in the general curriculum, a statement of measurable annual goals and short term objectives, a statement of special education services that are to be provided to the child, and an explanation of the extent to which the child will not participate with non-disabled students. 20 U.S.C. §§ 1401(14) and 1414(d)(1)(A).

8. Special education consists of instruction that is specially designed to meet the unique needs of the child. 20 U.S.C. § 1401(29).

9. Parents who believe that the LEA, i.e., the school district, has not met its obligations under the IDEA may file a due process complaint to have the dispute resolved at an impartial due process hearing conducted by the SEA. 20 U.S.C. § 1415(f)(1)(A); 1 C.C.R. 301-8, 2220-R-

---

[1] The Colorado Department of Education ("CDE") is the State educational agency for Colorado.

6.02(7).[2] In Colorado, the due process hearing is conducted by an administrative law judge ("ALJ") with the Colorado Office of Administrative Courts. ECEA Rule 6.02(7.5)(c).

10. A party aggrieved by the findings and decision of the ALJ has the right to bring a civil action in federal court. 20 U.S.C. § 1415(i)(2)(A); ECEA Rule 6.02(7.5(j). The reviewing court receives the record of the administrative proceedings and bases its decision on the preponderance of the evidence in the record. 20 U.S.C. § 1415(C).

11. Endrew F. is a child with autism and is eligible for special education and related services under the IDEA. 20 U.S.C. §§ 1401 *et seq.*

12. Autism, as that term is defined in the IDEA, "is a developmental disability significantly affecting verbal and nonverbal communication and social interaction . . . that adversely affects a child's educational performance. Other characteristics often associated with autism are engagement in repetitive activities and stereotyped movements, resistence to environmental change or change in daily routines, and unusual responses to sensory experiences." 34 C.F.R. § 300.8(c)(1)(I).

13. Endrew F. was born on September 28, 1999, and was diagnosed with autism when he was two years old. In 2003, Drew was also diagnosed with Attention Deficit/Hyperactivity Disorder ("ADHD").

14. Endrew F. struggles with the ability to functionally communicate personal needs, emotions and initiations, and does not engage or interact with others in social routines or play. He has compulsive and perseverative behaviors that he has difficulty overcoming throughout the day

---

[2] References to the Rules (for the) Administration of the Exceptional Children's Educational Act will be hereafter cited as "ECEA Rule _____." In relevant part, the ECEA Rules were amended effective July 1, 2011. All actions relevant to this educational dispute took place subsequent to July 1, 2011.

which interfere with his learning environment and which creates a major barrier to his ability to participate and be available to learn.

15. Endrew F. also has many maladaptive behaviors that interfere with his ability to participate in the learning environment, including: eloping, dropping to the ground, climbing, loud vocalizations, perseverative language, and picking/scraping. In addition, Endrew F. presents with many severe fears, such as using a new or public bathroom, which severely limits his ability to be in school or in the community.

16. Endrew F. has been attending Firefly Autism House (Firefly), a private school that specializes in the education of children with autism like Endrew F., since May of 2010. Before Endrew F. enrolled at Firefly, Endrew F. attended Summit View Elementary School ("Summit View") in the School District.

17. Beginning in Endrew F.'s first grade, Parents developed significant concerns over Endrew F.'s lack of academic, social and behavioral progress at school. Parents communicated their concerns to the school about the inappropriateness of Endrew F.'s special educational program and the lack of support he was receiving.

18. Endrew F. stopped making progress in his first grade year and his maladaptive and disruptive behaviors drastically increased.

19. In his second grade year, the School District changed Endrew F.'s IEP from trying to educate Endrew to managing his escalating problem behaviors. Endrew continued to deteriorate under this program which resulted in a change of schools, from Heritage Elementary to Summit View.

20. During Endrew F.'s fourth grade year, his ability to function at school and access the educational environment became noticeably worse. Endrew F. bolted from the classroom frequently and ran out of the school building and into the street on one occasion. He urinated and defecated on the floor of the "calming room" twice without school personnel realizing what had occurred. He was unable to use the toilet at school. According to school records, Endrews F.' problem behaviors included climbing furniture, falling off furniture, hitting computers or TV screens, yelling, kicking others, kicking walls, head banging, and asking others to punish him. School personnel called Parents on a frequent basis to come and pick up Endrew F. due to their inability to address his needs.

21. In April 2010, the School District convened a meeting to develop an IEP for the 2010 - 2011 school year. The IEP presented to the Parents was not substantively different than the IEPs that had failed to provide Endrew F. an appropriate education in the past. The IEP evidenced that Endrew F. had made no measurable progress on his goals and objectives.

22. Despite Endrew F.'s known maladaptive and disruptive behaviors that prevented his ability to access education, the School District failed to ever conduct a functional behavioral assessment, develop appropriate positive behavioral interventions, supports or strategies, or develop an appropriate behavior intervention plan as required by the IDEA.

23. The School District's April 2010 IEP was not reasonably calculated to provide Endrew F. an appropriate education. Accordingly, the Parents rejected the educational placement and program proposed by the School District and enrolled Endrew F. at Firefly, and requested that the School District pay for the costs associated with this private educational placement and program. The School District refused.

24. At Firefly, Endrew F. has been able to access education and learn. He is progressing academically, socially and behaviorally and is meeting appropriate goals commensurate with his potential. Endrew F.'s anxieties and problem behaviors have decreased. At Firely, Endrew F. is able to self-calm and is able to attend to the instruction and program provided to him to learn. Firefly has demonstrated the ability to provide Endrew an appropriate education.

25. It was uncontested at the due process hearing that Endrew F. is making substantial academic, social and behavioral progress at Firefly.

26. On February 21, 2012, Parents filed a due process complaint with the Colorado Department of Education and the School District's Special Education Director pursuant to the dispute resolution procedures set forth in the IDEA (20 U.S.C. § 1415(f)), its implementing regulations (34 C.F.R. §§ 300.507 - 300.511), and the ECEA Rules (ECEA Rule 6.02(7.5)).

27. The due process hearing was held before an ALJ at the Colorado Office of Administrative Courts between June 6 - 8, 2012.

28. The ALJ issued her Agency Decision on July 9, 2012. While the ALJ found that many of the goals in Endrew F.'s IEP remained the same year after year and that Endrew F. did not make progress towards many of those goals and objectives, the ALJ nevertheless determined that Endrew F. made some progress. The ALJ failed to identify any goals or objectives on which Endrew F. made progress.

29. The ALJ "found merit" in Parents' argument that the School District failed to properly document or report to Parents Endrew F.'s progress (or lack thereof) as required by the IDEA. Nevertheless, the ALJ found that the absence of progress reporting did not amount to a substantive denial of FAPE.

30. The ALJ found that the School District failed to perform a functional behavioral assessment either before or after it drafted a behavior intervention plan in 2007. The ALJ recognized that a behavior intervention plan was not discussed or modified before the April 2012 IEP Meeting and that the April 2012 IEP fails to include a behavior intervention plan. Nevertheless, the ALJ found, incorrectly, that "Neither a FBA or a BIP are required components of an IEP."

**IV. FIRST CLAIM FOR RELIEF**

**(Violation of 20 U.S.C. § 1414)**

31. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

32. The School District's proposed IEP violated the IDEA and failed to ensure the provision of a FAPE by its failure to include compliant statements of measurable annual goals and short-term objectives, including academic and functional goals, that were reasonably designed to meet Endrew F.'s needs that result from his disabilities to enable him to be involved in and make progress in the general curriculum.

33 The School District's proposed IEP violated the IDEA and failed to ensure the provision of a FAPE by its failure to include compliant statements of measurable annual goals and short-term objectives, including academic and functional goals, that were reasonably designed to meet each of Endrew F.'s educational needs that result from his disabilities.

34. The School District's proposed IEP violated the IDEA and failed to ensure the provision of a FAPE by its failure to include a statement of how Endrew F.'s progress toward meeting the goals and objectives will be measured.

35. The School District's proposed IEP violated the IDEA and failed to ensure the provision of a FAPE by its failure to include a statement of when periodic reports on the progress

Endrew F. was making (or not making) toward meeting the annual goals and objectives.

36. The School District violated the IDEA by its failure to provide the Parents with appropriate reports on the progress Endrew F. was made (or failed to make) toward meeting the annual goals and objectives, which deprived the Parents' ability to meaningfully participate in Endrew F.'s education and the development of Endrew F.'s IEPs.

37. The School District violated the IDEA by its failure to conduct a functional behavioral assessment.

38. The School District violated the IDEA by its failure to develop and appropriate behavior intervention plan.

39. The School District's proposed IEP violated the IDEA and failed to ensure the provision of a FAPE by its failure to include a behavior intervention plan based on a functional behavioral assessment.

40. The School District violated the IDEA in the development of the proposed IEP by its failure to consider the concerns of the Parents for enhancing the education of Endrew F. and failing to consider all of the academic, developmental, and functional needs of Endrew F.

41. The School District violated the IDEA in the development of the proposed IEP by its failure to consider the use of positive behavioral interventions and supports, and other strategies to address Endrew F.'s known maladaptive and disruptive behaviors that impeded his learning.

42. The School District violated the IDEA in the development of the proposed IEP by its failure to address Endrew F.'s lack of progress toward the annual goals and objectives included in Endrew F.'s prior IEPs.

43. The foregoing violations of the IDEA, individually and cumulatively, resulted in a denial of a FAPE to Endrew F.

## V. SECOND CLAIM FOR RELIEF

**(Violation of 20 U.S.C. § 1412)**

44. Plaintiff incorporates the allegations set forth above as if fully set forth herein.

45. The IDEA requires that the School District make a free appropriate public education available to all children with disabilities, including Endrew F.

46. The School District's procedural and substantive violations of the IDEA resulted in a denial of a free appropriate public education to Endrew F.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, reverse the ALJ's Agency Decision, enter an order directing the School District to reimburse the Parents for the costs associated with Endrew F.'s educational placement at Firefly, enter an order that the proposed IEP is not reasonably calculated to provide Endrew F. An appropriate education and that Firefly provides Endrew F. an appropriate education, and award Parents their costs and attorney fees and such other relief as the Court deems just and proper.

Respectfully submitted on October 2, 2012,

**SPIES, POWERS & ROBINSON, P.C.**

Jack D. Robinson, #22037
1660 Lincoln Street, Suite 2220
Denver, Colorado 80264
Telephone: (303) 830-7090
Facsimile: (303) 830-7089
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Robert Ross
General Counsel
620 Wilcox Street
Castle Rock, CO 80104
*Attorney for Douglas County School District*
Grand Junction, CO 81502-1206
*attorneys for Defendant*

*/s/ Christina Hupp*