FILED
United States Court of Appeals
Tenth Circuit

August 2, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ENDREW F., a minor, by and through his parents and next friends, JOSEPH F., and JENNIFER F.,

    Plaintiffs - Appellants,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,

    Defendant - Appellee.

No. 14-1417
(D.C. No. 1:12-CV-02620-LTB)
(D. Colo.)

---

### ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, Chief Judge, **KELLY**,[**] and **PHILLIPS**, Circuit Judges.[***]

---

    This matter is before us on remand from the Supreme Court. *See Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988 (2017).

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] The Honorable Harris L Hartz was on the original panel for this matter. The Honorable Paul J. Kelly has now joined in substitution.

    [***] After examining the supplemental briefs filed in this matter, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, requires public schools to provide students with disabilities a free and appropriate public education (FAPE). If a school cannot meet the educational needs of a disabled student, the student's parents can place the child in private school and seek reimbursement of tuition and related expenses.

The parents of appellant Endrew F., a child with autism, decided he was not making meaningful progress in the schools of appellee Douglas County School District. They therefore withdrew him from the District and enrolled him in a private school specializing in educating autistic children. The parents then turned to the District for reimbursement of Endrew's private-school tuition and related expenses, contending the reimbursement was due because the District had failed to provide Endrew with a FAPE. After an administrative law judge (ALJ) denied their request, the parents sought review of the ALJ's decision in federal court. The district court affirmed the ALJ, and the parents appealed to this court. *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 798 F.3d 1329 (10th Cir. 2015).

Endrew's parents argued that the district had failed to comply with the IDEA's procedural requirements, and that the individualized education program (IEP) developed by those procedures was not substantively adequate. We disagreed, and affirmed the district court's rulings on both the procedural and

substantive challenges.  *Id.* at 1338 (finding no procedural defect); *id.* at 1343 (finding no substantive defect).

But the Supreme Court reversed our judgment, holding that in order "[t]o meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."  *Endrew*, 137 S. Ct. at 999.  The Court clarified that "this standard is markedly more demanding than the 'merely more than *de minimis*' test applied by the Tenth Circuit."  *Id.* at 1000.

We therefore vacate our prior opinion, and remand to the United States District Court for the District of Colorado for further proceedings consistent with the Supreme Court's decision.

                ENTERED FOR THE COURT

                Timothy M. Tymkovich
                Chief Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

August 02, 2017

Chris Wolpert
Chief Deputy Clerk

Mr. Jack David Robinson
Spies Powers & Robinson
950 South Cherry Street, Suite 700
Denver, CO 80246

**RE:** 14-1417, Endrew F., et al v. Douglas County School District
Dist/Ag docket: 1:12-CV-02620-LTB

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:     W. Stuart Stuller
        William Edward Trachman

EAS/lg