IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 12-cv-02620-LTB

Endrew F., a minor, by and through his parents and next friends,
JOSEPH & JENNIFER F.,

Petitioner,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE 1,

Respondent.

___

ORDER
___

This matter involves the review of a decision from the Office of Administrative Courts denying Petitioner's claim under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§1400 and 34 C.F.R. §§300.500, *et. seq.* Petitioner, Endrew F., through his parents, Joseph and Jennifer F., sought reimbursement for private school tuition and transportation costs from Respondent, Douglas County School District RE 1 (the "District") pursuant to 20 U.S.C. §1412(a)(10)(C)(ii) and 34 C.F.R. §300.148( c ). The matter is before me on remand from the Tenth Circuit, *see Endrew F. v. Douglas Cty. Sch. Dist. RE-1*, 694 F. App'x 654 (10th Cir. Aug. 2, 2017)(unpublished), following remand from the United States Supreme Court. *See Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, ___ U.S. ___, 137 S. Ct. 988, 197 L. Ed. 2d 335 (Mar. 22, 2017).

My task on remand is to apply the legal standard now articulated by the Supreme Court to assess, in a "fact-intensive exercise," whether the District has

met its substantive obligation under the IDEA by offering Petitioner "an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. v. Douglas Cty., supra,* 137 S. Ct. at 999-1000 (further ruling that when a child is unable to fully integrate into the regular classroom the "educational program must be appropriately ambitious in light of his circumstances, just as advancement from grade to grade is appropriately ambitious for most children in the regular classroom").

At issue here is a motion in which various groups (the "Amici") seek to participate as *amicus curiae* in support of the Petitioner. The motion is entitled Motion of Former Officials of the U.S. Department of Education, The Judge David L. Bazelon Center for Mental Health Law, The National Down Syndrome Congress, The Autistic Self Advocacy Network, The ARC of the United States, and The ARC of Colorado, To Participate as *Amicus Curiae* in Support of Petitioner, Endrew F. [**Doc #47**] The Amici have filed their proposed *amicus curiae* brief as an attachment to their motion to participate. [Doc #47-1] Petitioner has apparently indicated that he does not oppose this motion, but the District has filed a Brief in Partial Opposition in which it requests that I grant the motion for leave to file, "but give the Amici's substantive arguments little to no weight in the dispute between the parties." [Doc #51] I have concluded, however, that the Amici have not presented information in their brief that will be of assistance to the Court and, as such, I deny the Amici's motion seeking leave to participate as *amicus curiae* in support of the Petitioner.

I.  LAW

No Federal Rule of Civil Procedure governs *amicus curiae* participation in a district court case, so Courts commonly look for guidance in Federal Rule of Appellate Procedure 29, which governs the filing of such briefs in the United States Circuit Courts of Appeal.  Under Appellate Rule 29(b), a motion seeking leave to participate as *amicus curiae* must indicate the reason why an *amicus curiae* brief is desirable and why the matters asserted are relevant to the disposition of the case. *See* Fed. R. App. P. 29(a)(3)(B).

In determining whether to accept an *amicus curiae* brief, courts consider, among other things:   (1) whether the proposed *amicus* is a disinterested entity; (2) whether there is opposition to the entry of the *amicus*; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus curiae's* interests; and (5) perhaps most importantly, the usefulness of information and argument presented by the potential *amicus curiae* to the court.  *United States v. Bd. of Cty. Commissioners of the Cty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), aff'd sub nom. *United States v. Bd. of Cty. Commissioners of Cty. of Otero*, 843 F.3d 1208 (10th Cir. 2016), cert. denied sub nom. *Bd. of Cty. Comm's of Otero Cty., New Mexico v. United States*, No. 16-1351, 2017 WL 1881715 (U.S. Oct. 2, 2017)(citations and quotations omitted).  A district court exercises wide discretion in deciding whether to grant or deny leave to file an *amicus curiae* brief.  *Id.* at

1115-6 (citing *Wildearth Guardians v. Lane*, 2012WL10028647 (D.N.M. 2012)).

II. MOTION

As an initial matter, I agree with the District that this motion does not falter on the qualifications of the Amici, or whether they take a strong interest in the case. The District also does not dispute that the motion for leave to file an *amicus curiae* brief is timely. Rather, the question is the usefulness of information and argument presented by the potential *amicus curiae* brief to the matter before me here.

In their brief, the Amici assert that the new standard articulated and adopted by the Supreme Court for assessing whether a student's Individual Education Plan ("IEP") is sufficient to provide him or her with a free appropriate public education under the IDEA, in *Endrew F. v. Douglas Cty., supra,* 137 S. Ct. at 999, is markedly more demanding than the *de minimus* standard previously applied by the Tenth Circuit. And because this case is without question a close one, the Amici argue that it is clear that this case should "go the other way." This is exactly what is being addressed by the parties in this case and additional argument related to this issue by the Amici is duplicative and does not contribute anything new to the parties' positions. I reject the contention that the Amici's interpretation of the standard set forth by the Supreme Court in *Endrew F. v. Douglas Cty., supra*, differs from that of the Petitioner.

Furthermore, determining whether the IEP proposed by the District was

reasonably calculated to enable Petitioner "to make progress appropriate in light of [his] circumstances" is a factual assessment that is being capably addressed by the parties in this case, and the arguments of the Amici in this regard do not provide any additional information that is useful or helpful to the Court. To the extent that the *amicus curiae* brief addressed what "all students" are entitled to under the IDEA, as opposed to Petitioner's brief that discusses whether his proposed IEP meets that standard, such issues are not before me.

In so ruling, I note that the *amicus curiae* brief sets forth examples of approaches and methodologies that have been utilized by public schools to allow students with disabilities, as well as behavioral or communication issues like Petitioner, to "meet high expectations." [Doc #47-1 pg. 14] For example, the *amicus curiae* brief discusses an approach implementing a multi-tiered systems of support to meet the academic and behavioral needs of all students, including students with disabilities, sometimes called Response to Intervention ("RTI"). The brief argues that the use of Positive Behavioral Interventions and Supports ("PBIS") within this system provides "success in eliminating or minimizing inappropriate behavior." [Doc #47-1 pp. 11-14] While such information might be useful for school districts when crafting their future approach to implementing IEPs that are reasonably calculated to enable their students to make progress under their unique circumstances, it does not shed any particular light on whether the IEP provided to the Petitioner in this case was appropriately ambitious to meet the District's

substantive obligation, under the IDEA, to provide an IEP for Petitioner here. *See Endrew F. v. Douglas Cty. supra*, 137 S. Ct. at 999 (indicating that the IDEA contemplates a fact-intensive exercise for determining whether an IEP is reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances).

Therefore, based on the foregoing and in the exercise of my discretion, I deny the Amici's request for leave to participate and to file an *amicus curiae* brief in this case. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 282 F. Supp. 2d 1271, 1274 (D.N.M. 2002)(denying the motion for leave to file an *amicus curiae* brief when the Court did not believe that the participation of the *amicus curiae* would be helpful in making its decision.)

ACCORDINGLY, I DENY the Motion of Former Officials of the U.S. Department of Education, The Judge David L. Bazelon Center for Mental Health Law, The National Down Syndrome Congress, The Autistic Self Advocacy Network, The ARC of the United States, and The ARC of Colorado, To Participate as *Amicus Curiae* in Support of Petitioner, Endrew F. [Doc #47]

Dated: November __16__ , 2017, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge
